# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE SAN DIEGO ELECTRICAL PENSION TRUST; et al., <br><br> Plaintiffs, <br> vs. <br><br> BIGLEY ELECTRIC, INC., a California corporation, <br><br> Defendant. | CASE NO. 07-CV-634 – IEG (LSP) <br><br> **ORDER: 1) DENYING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER AND DEMAND FOR JURY TRIAL; 2) STRIKING DENIALS and 3) GRANTING DEFENDANT LEAVE TO FILE AN AMENDED ANSWER** <br><br> **[Doc. No. 8, 13, 16]** |

Presently before the court is a motion to strike defendant's answer and demand for a jury trial filed by the Board of Trustees of the San Diego Electrical Pension Trust and a number of other trust funds (collectively "plaintiffs"). (Doc. No. 8.) For the following reasons, the court denies plaintiffs' motion and grants Bigley Electric, Inc. ("defendant") leave to file an amended answer.

## BACKGROUND

Plaintiffs are joint labor-management trust funds, which were created by §302(c) of the Labor-Management Relations Act and are governed by the Employee Retirement Income Security Act ("ERISA"). (Complaint ("Compl.") at ¶ 2.) Defendant, a California-licensed contractor, is a signatory to a Collective Bargaining Agreement ("CBA") and the trust agreements for each plaintiff. (Id. at ¶¶ 7, 10-11.) According to the complaint, defendant employs electricians who are covered by the CBA.

This lawsuit arises out of defendant's obligation under the CBA to pay appropriate benefit contributions to plaintiffs for hours worked by the electrician employees. Specifically, plaintiffs allege that between the period of June 1, 2003 to September 30, 2007, defendant did not remit benefit contributions in the amount of $31,077.44. (Id. at ¶¶ 9, 12.) Plaintiffs further claim that defendant has refused to provide the payments and reimburse audit fees plaintiffs incurred in examining defendant's accounting records. (Id. at ¶¶ 12, 14.)

On April 9, 2007, plaintiffs filed a two-count complaint: 1) alleging defendant breached the terms of the Collective Bargaining Agreement and trust agreements; and 2) requesting injunctive relief, pursuant to § 502(a)(3) of ERISA, to prevent defendant from employing electricians without making the requisite benefit contributions. (Doc. No. 1.) On May 10, 2007, defendant filed an answer and requested a jury trial. (Doc. No. 6.)

On May 29, 2007, plaintiffs filed the instant motion asking the court to strike defendant's answer and demand for a jury trial. (Doc. No. 8.) On June 20, 2007, defendant filed an untimely opposition and plaintiffs filed their reply on June 27, 2007. (Doc. No. 20.) The court finds that the matter is now fully briefed and amenable for disposition without oral argument pursuant to Local Rule 71.1(b).

**DISCUSSION**

Pursuant to Fed. R. Civ. P. 12(f), the court may strike any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." LeDuc v. Kentucky Central Life Ins. Co., 814 F. Supp. 820, 830 (N.D. Cal.1992). Motions to strike are regarded with disfavor because of the limited importance of pleadings in federal practice. Colaprico v. Sun Microsystems Inc., 758 F. Supp. 1335, 1339 (N.D. Cal.1991); Wright & Miller, Federal Practice and Procedure §1381 ("Motions to strike a defense as insufficient are not favored . . . because of their somewhat dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party.").

In their motion, plaintiffs argue that the court should strike the answer and jury demand because: 1) defendant filed a blanket denial without specifically admitting or denying each of the material allegations in the complaint; 2) jury trials are disfavored in ERISA actions; and 3) defendant has failed to adequately plead its affirmative defenses. (Memo. ISO Motion 2-5.) In its opposition, defendant does not substantively respond to plaintiffs' argument but requests the court allow leave to file an amended answer. Defendant attached a copy of a proposed amended answer as Exhibit A to its opposition. In reply, plaintiffs concede that defendant's proposed amended answer addresses most of the arguments raised in their motion. However, plaintiffs maintain that portions of the proposed amended answer must be further changed. First, plaintiffs request the court strike defendant's jury demand as to its second cause of action for injunctive relief under ERISA because defendant has not addressed this issue. (Reply at 3.) In its original answer, defendant requested a jury trial with a specific designation of "Jury Demanded" on the caption. (Doc. No. 6.) In its proposed amended answer, defendant has no such designation in the caption or anywhere in the pleading. (Opposition ("Opp."), Exhibit A.) The court construes this difference as defendant's withdrawal of a request for jury trial. Thus, plaintiffs' request to strike defendant's jury demand is moot.

Second, plaintiffs argue the First Affirmative Defense in defendant's proposed amended answer is inadequate as currently pled because defendant fails to provide any factual basis for the defense. The First Affirmative Defense states "[p]laintiffs, though under a duty to do so, have failed and neglected to mitigate their alleged damages, and, therefor, cannot recover against this answering Defendant, whether as alleged or otherwise." (Opp., Exhibit A, p. 5.) Having reviewed the applicable case law and defendant's pleading, the court finds plaintiffs' argument unpersuasive.

Affirmative defenses are governed by Fed. R. Civ. P. 8(c) and defendants must actively plead 19 separate defenses and "any matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Affirmative defense pleadings are subject to the general requirements of Fed. R. Civ. P. 8, which requires only a short and plain statement. Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002); Wright & Miller, Federal Practice and Procedure §1274. "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." Wyshak v. City National Bank, 607 F.2d 824, 827 (9th Cir. 1979) (citing

Conley v. Gibson, 355 U.S. 41 (1957)).  "The purpose of Rule 8(c) is to give the court and the other parties fair warning that a particular line of defense will be pursued."  Williams v. Ashland Engineering Co., Inc., 45 F.3d 588, 593 (1st Cir. 1995).  "The fair notice pleading requirement is met if the defendant sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise."  Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999) (citation omitted).

   A handful of courts have been confronted with the issue of whether a defendant's mere allegation that "plaintiff failed to mitigate damages" is sufficient under the pleading requirements of Rule 8.  These courts have typically held that a generalized statement, such as the one used in the instant case, meets defendant's pleading burden with respect to the affirmative defense of damage mitigation.  See, e.g., Hernandez v. Balakian, case no. 06-CV-1383, 2007 WL 1649911, at *6-8 (E.D. Cal. June 1, 2007) (denying motion to strike defendant's allegation that "[plaintiff] failed to mitigate [damages]" where plaintiff argued bare statement provided no notice); Home Depot U.S.A., Inc. v. UBM, Inc., case no. 06-3821, 2007 WL 611279, at *3 (N.D. Ill. Feb. 22, 2007) (rejecting argument that plaintiff failed to allege sufficient facts for its affirmative defense where it pled "[defendant's] counterclaim is barred, in whole or in part, by [defendant's] failure to mitigate his damages"); Electro-Methods, Inc. v. Adolf Meller Co., case no. 06-cv-686, 2006 WL 2850415, at *1-2 (D. Conn. Oct. 6, 2006) (holding that defendant's assertion that "plaintiff's recovery is barred or limited by its failure to mitigate its damages" was sufficient); Chronister v. Superior Air/Ground Ambulance Service, Inc., case no. 05-3495, 2005 WL 3019408, at *3, (N.D. Ill. Nov. 8, 2005); Mobley v. Kelly Kean Nissa, Inc., 964 F. Supp. 726, 732 (N.D. Ill. 1993) (denying plaintiff's motion to strike defendant's affirmative answer, which stated "[p]laintiffs have failed to mitigate their damages, if any").  The court finds the reasoning of these cases persuasive and adopts it here.  Defendant's pleading adequately informs plaintiff of the issue raised.  See Sanchez v. La Rosa Del Monte Express, Inc., No. 94 C 3602, 1994 WL 603901, at *2 (N.D.Ill. Nov.1, 1994) (finding allegation that "plaintiff has failed to mitigate her damages" sufficiently informed plaintiff of the issue); Mobley, 864 F. Supp. at 732.  Furthermore, given the procedural posture of this case, it would be "unreasonable to expect the defendant to have detailed information about mitigation" or "access to facts to support the defense . . . at this early stage of litigation . . . ."  Chronister, 2005 WL 3019408, at *3.  In sum, the court finds

1 the allegations in defendant's First Affirmative Defense sufficient to meet its burden at this stage of
2 the lawsuit and will not require further amendment as suggested by plaintiff.
3     The court notes that since filing its opposition to plaintiffs' motion, defendant has filed two
4 documents titled "General Denial" and "Denial."[1] (Doc. Nos. 13, 16.) These filings appear to be
5 duplicates of the affirmative defenses portion of original answer, which defendant now seeks to
6 amend. As such, the court will strike Documents 13 and 16. See Fed. R. Civ. P. 12(f) (stating the
7 court may strike any "redundant" material).

## CONCLUSION

9     For the foregoing reasons, the court hereby **DENIES** plaintiffs' motion to strike defendant's
10 answer and jury demand, (Doc. No. 8), and **STRIKES** the General Denial and Denial, (Doc Nos. 13,
11 16). The court **GRANTS** defendant leave to file an amended answer. Defendant shall file an
12 amended answer **no later than 7 days from the date this order is filed.**
13     **IT IS SO ORDERED.**

15 **DATED: July 12, 2007**

*[signature]*
**HON. IRMA E. GONZALEZ, Chief Judge**
United States District Court
Southern District of California

---

[1] In addition to filing multiple copies of documents and blank pages, defendant failed to file its opposition to plaintiff's motion in a timely fashion. The court advises defendant to familiarize itself with the local rules and the CM/ECF filing protocol so that it will make future filings properly.